Patricia E. ZADEL, Petitioner,

v.

INDUSTRIAL COMMISSION OF the STATE OF COLORADO; Director, Department of Labor, Division of Employment and Training; STC Micro-Technology Corporation, Respondents.

No. 84CA0626.

Colorado Court of Appeals,
Div. I.

May 9, 1985.

Colorado Rural Legal Services, Inc., Mark E. Rau, Greeley, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert C. Lehnert, Asst. Atty. Gen., Denver, for respondents Indus. Com'n and Director, Department of Labor.

No appearance for respondent STC Micro-Technology Corp.

PIERCE, Judge.

Patricia E. Zadel (claimant) seeks review of the final order of the Industrial Commission dismissing her appeal to the Commission. We set aside the order, and remand for further findings.

The record reveals that the decision by a deputy hearing officer concerning claimant's claim for unemployment benefits against her employer, STC Micro-Technology Corporation, was mailed on February 17, 1983. The document was labeled "decision." At the top of that document the weekly benefit amount was listed as $158, the total benefits payable was listed as $4,108 and "unknown" was filled in under earliest week benefits payable. There were boxes to be checked as to whether claimant was to receive a full award, was ineligible for an award, or other, but none of them were checked. Also, on February 17, 1983, the deputy's decision concerning claimant's claim against a different employer was mailed to claimant granting her a full award. That decision had the same information listed as to benefit amount and benefits payable as the STC decision.

On December 5, 1983, the Division of Employment and Training sent claimant a "Notice of Overpayment" of unemployment insurance benefits in the amount of $4,108, issued pursuant to § 8–81–101(4)(a),

C.R.S. (1983 Cum.Supp.). The claimant filed a request for review of the order which was the basis of the notice on December 15, 1983. The request was stamped as received December 23, 1983.

The Commission found that claimant's request for review was filed "approximately 9 months beyond the 15 day limit...." and that claimant's explanation that she did not understand her right of review did not constitute good cause for an untimely request for review. The Commission affirmed and adopted the decision of the hearing officer.

Pursuant to § 8–81–101(4)(c), C.R.S. (1984 Cum.Supp.), any person aggrieved by an overpayment determination may:

"[O]btain a hearing before a hearing officer with the right of further appeal, as provided in article 74 of this title. The initial appeal must be postmarked or received by the division within fifteen calendar days after the date of notification of such determination by the division; otherwise the determination shall be final."

The Commission's decision was concerned with the timeliness of the appeal from the February 17, 1983, order. However, the pertinent issue is whether claimant's request for review of the December 5, 1983, order of overpayment was timely. No determination has been made on that issue.

In light of the discrepancy between the date on the request for review and the date it was stamped as received, the Commission must first determine the date of receipt or of postmark. Then, if the Commission makes a determination that the appeal was timely, the claimant is entitled to a hearing concerning the merits of the overpayment pursuant to § 8–81–101(4)(c), C.R.S. (1984 Cum.Supp.). If the Commission determines that the appeal was untimely, the procedures set forth in Industrial Commission Rule XII, 7 Code Colo.Reg. 1101–2 at 38 would be applicable.

The order is set aside and the cause is remanded to the Industrial Commission with directions to conduct further proceedings consistent with this opinion.

STERNBERG and BERMAN, JJ., concur.